IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CECIL MATHEWS,

    Plaintiff,

v.                                              CASE NO. 4:15cv618-RH/CAS

WARDEN HODGSON et al.,

    Defendants.

_____/

### ORDER OF DISMISSAL

This prisoner civil-rights case is before the court on the magistrate judge's report and recommendation, ECF No. 40, and the objections, ECF No. 43. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with these additional notes.

The plaintiff was disciplined for submitting a grievance that said of a correctional officer: "Liar, liar, pants on fire." The prisoner says this was funny and is protected by the First Amendment. The defendants say this was disrespectful and warranted discipline.

In most other contexts, a remark like this would plainly be protected by the First Amendment. But prison officials have a greater right to prohibit disrespectful comments by prisoners than possessed by government officials in other circumstances. *See generally Turner v. Safley*, 482 U.S. 78 (1987).

A prisoner could plainly be disciplined for making a remark like this directly to a correctional officer in the cellblock or on the yard. That the plaintiff put the remark in a grievance does not make it less disrespectful. Imposing discipline based on this remark did not violate the First Amendment.

In asserting the contrary, the plaintiff relies heavily on *Bradley v. Hall*, 64 F.3d 1276 (9th Cir. 1995). But *Bradley* was never the law in the Eleventh Circuit and, in any event, did not survive *Shaw v. Murphy*, 532 U.S. 223 (2001). *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1243 (9th Cir. 2013) (recognizing that *Shaw* overruled *Bradley* on other grounds); *see also Brodheim v. Cry*, 584 F.3d 1262, 1272 (9th Cir. 2009) (noting that *Bradley*'s modification of the *Turner* test did not survive *Shaw*); *Hale v. Scott*, 252 F. Supp. 2d 728, 733 (C.D. Ill. 2003) (same); *see also Helm v. Hughes*, No. C09-5381 RJB/KLS, 2011 WL 476461 (W.D. Wash. Jan. 6, 2011) (upholding discipline for recounting a disrespectful rumor in a grievance); *Basham v. Rubenstein*, No. 5:06-cv-00713, 2007 WL 2156589 (S.D. W.Va. July, 25, 2007) (upholding discipline for disrespectful comment in a grievance).

So the plaintiff's claim is unfounded. Even more clearly, his damages claim is barred by qualified immunity.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The plaintiff's claims are dismissed for failure to state a claim on which relief can be granted."

3. The clerk must close the file.

SO ORDERED on March 15, 2017.

                          s/Robert L. Hinkle
                          United States District Judge